**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TEKISHA ROUSSEAUX CASTELLANOS,

      Plaintiff,

v.                                       No. 1:26-cv-00500-KG-JMR

SANDIA FRAME & UNIBODY ALIGNMENT, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff "delivered her vehicle to Defendant for collision and suspension repairs." Complaint for Negligence, Breach of Warranty, Consumer Fraud, and Damages at 2, Doc. 1, filed February 19, 2026 ("Complaint"). Plaintiff alleged that Defendant "improperly perform[ed] [the] suspension and alignment work." Complaint at 5. Plaintiff asserted claims for negligence, breach of implied warranty of merchantability, and "Consumer Fraud/Unfair Trade Practices." Complaint at 5. Plaintiff stated:

> This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1367 [Supplemental jurisdiction] because the claims asserted herein arise from the same nucleus of operative facts as Plaintiff's related federal action, Case No. 1:26-cv-00061 GJF GBW, and form part of the same case or controversy."

Complaint at 1-2.

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff that the Complaint does not show that the Court has jurisdiction over this matter because:

> Section 1367 provides in relevant part that the Court "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the *same* case." 28 U.S.C. § 1367(a) (emphasis added).

> The phrases "in any civil action" and "in the action" require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case. "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas,* 516 U.S. 349, ——, 116 S.Ct. 862, 867, 133 L.Ed.2d 817 (1996).

*Ortolf v. Silver bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir 1997).  While this case may arise from the same nucleus of operative facts in Plaintiff related federal action, this case is not the *same case* as Plaintiff's related federal action.  In cases where federal law creates the cause of action, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  The Complaint does not identify any federal statutory or constitutional provisions under which Plaintiff's claims in *this case* arise.

Order to Show Cause at 3, Doc. 4, filed February 23, 2026.  Judge Rozzoni ordered Plaintiff to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction and to file an amended complaint.  *See* Order to Show Cause at 6.

Plaintiff filed a Response to the Order to Show Cause but did not file an amended complaint.  *See* Plaintiff's Enhanced Response to Order to Show Cause Regarding Subject Matter Jurisdiction, Doc. 5, filed March 12, 2026 ("Response").  Plaintiff contends there are three bases for the Court's jurisdiction over this matter: (i) federal question; (ii) diversity of citizenship; and (iii) supplemental jurisdiction.

Plaintiff has not shown that the Court has federal question jurisdiction over this matter.  Plaintiff argues:

> This Court also has original jurisdiction under 28 U.S.C. § 1331 because the dispute arises in part under federal consumer credit law governing lending practices.

> Federal statutes such as the Truth in Lending Act, l5 U.S.C. § l60l et seq., regulate disclosures and practices associated with consumer credit transactions. Claims arising from misrepresentations or irregularities in loan documentation and lending

2

practices fall within federal jurisdiction. See *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356 (1973).

Response at 3-4. A "complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The original Complaint does not identify, and Plaintiff has not filed an amended complaint that identifies, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, or any other federal statutory or constitutional provision under which her claims arise; nor do they allege sufficient facts showing that this case arises under federal law.

Plaintiff has not shown that the Court has diversity of citizenship jurisdiction over this matter. Plaintiff argues that "the damages associated with the vehicle transaction, financing obligations, repair costs, loss of vehicle value, and loss of use exceed the jurisdictional threshold under 28 U.S.C. § 1332." Response at 4. Jurisdiction pursuant to Section 1332 requires that the amount in controversy exceeds $75,000 *and* that the action is "between [] citizens of different states." 28 U.S.C. § 1332(a). The original Complaint states Plaintiff is a "resident" of New Mexico, and Defendant is a "New Mexico corporation with its principal place of business" in New Mexico. Complaint at 1. The original Complaint does not allege, and Plaintiff has not filed an amended complaint that alleges, facts showing that Plaintiff and Defendant are citizens of different states.

Plaintiff has not shown that the Court has supplemental jurisdiction over her claims. As explained by Judge Rozzoni, Section 1367 allows the Court to exercise supplemental jurisdiction only in cases in which the Court has original jurisdiction. The original Complaint does not demonstrate, and Plaintiff has not filed an amended complaint that demonstrates, that the Court has original jurisdiction over this case.

3

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.